Ruffin, Judge.
 

 — The bill is filed to obtain a conveyance of a tract of land, which the Defendant entered in Iredell County $ for which, in December, 1812, he obtained a grant, describing it as lying in Iredell. The PiaintifFalleges, that the land is in fact situate in Burke County, and that before the entry of the Defendant, and within Ids knowledge, he had himself entered it in Burke, and obtained a grant in November, 1813.
 

 Upon that Notice, and upon the distinct ground, that the Defendant’s entry and grant are void, because the land lies ip Burke, the equity of the bill is raised.
 

 
 *485
 
 The answer and the Defendants grant ¡bows that one of bis entries was prior to that of she Plaintiff. Bat it is unnecessary to discuss the participar cirouin'iianeos on that point, since the opinion of the Court is determined, toy other considerations.
 

 The first observation which occurs is, that if the prin-cipie assumed in the bill, that the validity of the entry and grant depends upon the land being in the coun-y mentioned in is, he correct, notice is hr,'raterial. For the Defendant’s defective litic would not be helped, by ignorance of Use previous valid entry of ike Plaintiff. On the other hand, if Iho Lind lie is? Iredell, and the Plaintiff’s entry of it in Burke be, for that reason, void, knowledge of it would not affect the 1M‘-iuknt. If lie knew of it, he knew also that it wcr> void. Foe if the entry created no obligation on the State, lo pet feet die I’laiotifP-.j title by a grant, it could not oblige the Defendant, in conscience, to convey to the Plaintiff the legal title, which the State had conferred on him. The two titles coming through dlObreut sets of officers, of whom only one had authority to perform the acts necessary to precede the issuing of the grant, they are as distinct and independent, in reference to this question, as if they had been derived from different persons. The doctrine of notice is therefore inapplicable j and the cause stands upon the intrinsic strength oft,he respective titles of the parties.
 

 Taking the fact for granted, that the land lies ¡it Burke, it may however he inquired, what equity the I’lainüff has, or how he gives this Court jurisdiction ? If it be true, that a grant for land lying in one county, which describes it as lying- in another, be void, the plain» direct and complete remedy of the Plaintiff would seem to be at Law. Bath the matter of fact — -the location of die land — and the operation of the grant, are properly triable there. The Plaintiff does not stand upon the ■■■imitable title of his entry only. He 5g armed with a '
 
 *486
 
 grant, appearing to be a legal
 
 title;
 
 upon which he must recover in an ejectment in Burke, notwithstanding the Defendant’s grant
 
 in
 
 Iredell, if the latter be void. If indeed it was not void, or even if a Court of Law had held upon an ejectment, that 'being the first patent, it passed the legal title, notwithstanding the falsehood on its face, it would be a different matter. This Court would then inquire into the preferable equity, arising out of the respective entries. But the Plaintiff’ has not established his own title at Law, so far as it depends upon the actual location of the land, nor obtained the opinion of a Court of Law, upon the legal operation of the Defendant’s grant. He comes here for a decision of both these points
 
 •,
 
 though the latter is purely a legal question. His bill is, in truth,simply an ejectment bill, against the tenant in possession, to try the strength of two legal titles ; of which he pronounces his adversary’s void. Such a bill cannot be entertained.
 

 If however the Court could perceive, that the Defendant’s legal title was not void, and would at Law defeat the Plaintiff’s, his equity would certainly be sustained, here, notwithstanding the judgment pronounced by himself upon the Defendant’s grant. It is not absolutely necessary to the decision of the present case, that the legal validity of a grant, describing the land to be in a wrong county, should he determined. No conclusive opinion will therefore be given on it. My own impression is, that such a grant is void. I will not say that would be the case with deeds between individuals 5 for the county is only a part, of the description, and might probably be corrected by the more specific description by natural, or other boundaries. Nor do I think a description in a grant must in all respects be consistent. Ordinarily* ambiguities arising upon evidence may be explained in the same manner j and many rules have been laid down for their construction, having respect to the objects called for, and among them, the most conspicuous, per-
 
 *487
 
 ínaucnt and least deceptive. But the county,, in which the land lies, seems, under our statutes, to be of the rs-sence of the description in a patent. I he state has a right to know what land she grants, and where situate, and that she grants it upon the representations, under oath, of her proper and responsible officers. It is true, that in general, a Court of Law cannot, in a collateral proceeding, look behind the grant, into any irregularity in obtaining it. Its validity must be put directly in issue. But this objection arises on the. tace of the ímsíít;;» iscut, ami relates to the thing conveyed, in terms, by it The grant follows, in the description, the plot and survey ; of which duplicates are required to be filed in the Secretary’s office, and one appended to the grant, as e, part of it. This survey can be lawfully made only by the Surveyor of the county in which the land lies ; to whom the entry-taker of that comity issues a warranto By the act of 177?
 
 (Eev. c.
 
 114) an entry-taker is op pointed for each county, with whom
 
 6e
 
 any person may enter a claim for
 
 land lying in such county.”
 
 The entry is to be made i5 in writing, setting forth” (among other things’) “ the name of the county in which the land is situate.” With that entry taker,
 
 caveats
 
 are to he lodged, and upon Siis certificate, they are to he tried on the premises by a jury of the same comity. It cannot be held,
 
 Í
 
 think, that a grant, purporting to convey lands ihus entered and surveyed, according to law, by those appearing to be the proper officers, should convey land, entered with and surveyed by officers who had no authority touching the matter. It is of the substance of a patent, that the land should appear to be situate in soroe county $ and a reference to those provisions of the statute proves, that the true county ought to be stated. If a grant for land In one county would pass land in another, then the entry, upon which that grant is founded, must likewise bo held to be good. This would lead to a vagueness, an -
 
 *488
 
 certainty ami contradiction, in the terms of an entry, which would defeat the whole purpose of requiring any description in the entry $ and would entangle titles be« yon¿i the ability of man to unravel. The county thus forming a material and essential part of the description in the entry, expressly required by the statute, it must be of the like important consequence in the grant, which is founded on and follows the entry in that respect. It cannot, in genera!, therefore, be departed from. And if the land, as described by metes and bounds, cannot be' found in the county mentioned, the grant must be ineffi-cacious to pass it, by reason of the insufficient, and incongruous description. I have laid this down as the general rule. I do not suppose it a universal one. I can readily suppose an exception to it. Perhaps there may be others. If, for instance, an entry were properly made, and a warrant issued, and before its execution and the return of the survey, the name of the county were changed, or the county divided, and then the survey were returned, and followed the entry and warrant, the grant might not be avoided, although the land, at the time issuing the grant, did not lie in the county therein named. But in that case, the land would form a part of the same identical territory, under whatever name it might he known. In the case before us, that is impossible; for the same spot cannot be at once in two counties. But, witiiout deciding this point, it is a sufficient objection to the present bill, that the Plaintiff has made no attempt to have the judgment of a Court of Law upon this legal question. Until he shall have failed there, lie has no occasion, nor excuse for corning here.
 

 If however a Court of Law had so decided, as to make it necessary for the Plaintiff to abandon his legal title, and relying upon his entry alone, to ask the aid of this Court, it would then have to be considered, how his equity stands on that. If the entry be void, it gives him no equity. The same provisions of the act ofA«sembly and
 
 *489
 
 íhe same reasoning, which have been supposed to render inoperative the grant, apply with equal and greater force to show the entry to he void. In one respect, the entry stands on less advantageous ground than the grant. Tim latter is, in each case, issued by the same officers— the Governor and Secretary of State. Its defect consists ?n a description, which is materially false, and cannot ho corrected. But the entry is defective, not hardy in describing the land as lying in the wrong comity, but also in being made with an officer who had no authority to receive it, and surveyed by another equally unauthorized. As die entries of the Plaintiff and Defendant are made in different counties, and their calls are for the same county line,
 
 on opposite sides of
 
 it, unless the of most latitude and vagueness of description be allowed, it seems to be impossible that they can ever come in conflict.— But if in fact the same land has been surveyed under them, the one or the other must ho void. Which of them if is, depends upon the question, in which county is the land? That fart is directly put in issue by the answer, in which the Defendant states, that he did
 
 ,f
 
 honestly believe5’ at the time he entered, and at the time of answering — in 1820 — that the land was situate in Iredell, and not in Burke. The burden is thrown on the Plaintiff of showing the contrary, am! he has had full time to do it. Commonly the limits of a county, being of general interest, are specifically fixed by law, designated in surveys made under public authority, and notorious. Such public documents, or even a reputation, genera! and undisputed, and acted on by the authorities on both sides of the line, would
 
 ha prima fade
 
 competent to establish the line, in a private controversy of the present nature. But the an - swer states, that the line was never w properly settled j” and in this particular all the witnesses, on both sides, si-gree with it. The Court will not say, that its situation might not be proved by witnesses, upon their know ledge acquired hv surveys, not made nnder public authority,
 
 *490
 
 nor in the cause. Certainly a survey of one or the other of the latter kind would be most satisfactory. But no survey of any kind appears in the proofs before us. .The.parfies ha\e relied on the opinions of their witnesses j and they are given without any sufficient grounds on which to found them. One witness barely states, that he believes the land to be in Burke. Another states, that from a survey he made, he thinks about one hundred and twenty acres lie in Burke. But we are riot fold what survey he made, whether of the land or of the county line 5 if the latter, where he began or went to, nor his reasons for adopting either
 
 iermimis.
 
 Such evidence is not sufficient proof of an ordinary line between individuals — much less a public and disputed boundary. But its feeble strength is further impaired by the contrary opinions of the Defendant’s witnesses. Five or six of those declare, that before the Defendant made his entry,
 
 “
 
 a rough measurement” was made, to ascertain the line They all
 
 thought the
 
 land was in
 
 Iredell;
 
 and the Defendant then entered. The fact in dispute — the boundary between the two countiek — is susceptible of clear proofs and ought not to be established upon less proof But the Plaintiff has not rendered his allegation of it even probable. The Court is therefore obliged to declare, that the land covered by the Defendant’s grant does lie, according to the terms of the grant, in Iredell County.
 

 The counsel for the Plaintiff has asked for an inquiry upon this point. A- reference is ordered, to ascertain the mode and extent of the relief, which the particular circumstances may require, after a decree, upon the hearing, establishing the right to some relief. Where a mortgage or a partnership is declared, accounts áre ordered,. Where an agreement for a sale under a general description is established, the estate may be further identified by a survey. But a fact constituting the
 
 gist
 
 of the controversy, and directly put in isssue by the pleading, must
 
 *491
 
 be proved before publication. It enters into the Plaintiffs title, and must be established on the hearing; else there is no case upon which t© institute an inquiry. It is never referred to the Master, whether a party can supply a deficiency of evidence to snake a case. If it were, inquiries would be interminable, and the final decree indefinitely postponed. Inquiries relate to matters, supplementary to the general relief decreed on the hearing. If the Plaintiff had proved, that some of the land certainly lay in Burke, but it did not appear what part in particular, and it was deemed necessary to the clear - ness and precision of the decree, that such part should be designated by the particular me,tes, bounds and quantity, a survey would be ordered, to establish those facts. But here, no part of the land is shown to be so situated. The Plaintiff has therefore failed to prove the case stated 211 his bill; and the Court cannot supply the deficiency hut must dismiss the bill. .
 

 Per Curiam.
 

 — -Declare, that the land granted to the Defendant is not proved to lie in Burke County, and is therefore held ami deemed to lie in Iredell County. Dr. clare further, that if the land did lie in Burke County, the Plaintiff would be without any matter of equity, upon which to ask the aid of this Court, since he hath obtained a grant from the State, for the land claimed by him, and may for any thing appearing to the contrary, have a direct, speedy and complete remedy at Law, and fhereforo dcctw thet the hill be dismissed with costs.